Anthony Garvin #71223-050
Lewisburg Penitentiary Camp
PO Box 1000
Lewisburg, Pa 17837

V

JESSICA SAGE, WARDEN
2400 ROBERT MILLER DRIVE
PO BOX 2400 LEWISBURG,
PENNSYLVANIA 17837

Clerk of Courts
1501 North 6th street
Suite 101
Harrisburg, PA 17101

RE: Habeas Corpus 2241

I. FACTUAL HISTORY AND STATEMENT OF CAS

On September 13 petitioner was sentenced to a 24 month prison term with three years supervised release by United States District Court in the state of New Jersey. Execution of judicial sentences issued by US District Court are controlled by federal statutes of Congress, which convey an entitlement for early release via time credit days benefits. The First Step Act of December 21, 2018 was touted as a major sentencing reform. Indeed it was. However, the Bureau of Prisons (BOP) arbitrarily and discriminately awards the First Step Act Entitlements. The interpretation and application of the First Step Act Earned Time Credits 18 U.S.C. 3632 (4) (A) (ii): in general, a prisoner, except for an ineligible prisoner under paragraph D who successfully completes evidenced based recidivism reduction(EBRR) programming, or productive activities shall earn 15 days per month.

The BOP routinely abrogates this plain language interpretation and add words and meanings that are not written in order to limit and withhold entitled FSA credit days resulting in petitioner being forced to spend additional time incarcerated at Lewisburg camp. The plain language mandates an eligible prisoner, receives 10 days time credits for every 30 days of productive activity and successful participation in evidenced based programming, and if prisoner is at a minimum risk for recidivating shall earn an ADDITIONAL five days: meaning, prisoner shall receive 15 days of time credit for every 30 days, or 50% of his Projected release date.

LEGAL ARGUMENTS 1. THROUGH 8.

1

## II. SOURCE OF FEDERALq ENTITLEMENT

1. Particularly, but not limited to benefits of federal Good Time Credits 18 U.S.C. 3624(b)(1) Second Chance Act statute which makes it mandatory that the Warden, during the day-to-day execution of the sentence, apply credit benefits of 54 days per year of the full sentence. The Process Due citizen prisoner applying time credit benefits in execution of his sentence is the Projected Release Date process also known as "front-loading" of time credits. A term the Director herself has coined; according to the Director Colette Peters. "Front- loading" is the process historically, has been used for 40 years that applies time credit benefit days under the Projected Release Date Process. See 28 523.20(b)(1)

## III. ENTITLEMENT

2. An entitlement is created when the law mandates that a benefit be given; therefore an administrative office has no discretion to deny the benefit. In the instant matter, the petitioner's entitlement is created by independent laws of the First Step Act, Second Chance Act and Good Time Credit Act respectively. Herein, the statutory language is mandatory; "Shall" apply the benefits, and there is no ambiguity or deference to the BOP to change this plain language. Accordingly, all the Entitlements read as follows: Good Time Credits Act "Shall"... First Step Act "Shall"... and the Second Chance Act Shall. Shall means ministerial duty, forwhich, no discretion can be deferred to the BOP.

3. Federal Entitlement is to process, not a favorable outcome, nor to the deference of the BOP. In the instant matter, the process, protected by the 5th Amendment, the petitioner is Due as his federal entitlement is his Projected Release Date, which the Federal Bureau of Prisons has been using in applying citizen prisoners federal time credits for the last 40 years. See Good Time Credit statute 28 C.F.R. 523.20(b)(1):"The BOP initially determines the inmate Projected release date by calculating the maximum Good Time Credit Possible based on the length of their sentence. The BOP initially determines an inmate Projected release date by calculating the maximum Good Time Credit possible based on the length of their sentence." This is precedent for the last 40 years and FSA time credits are applied the same way.

4. The "front-loading" process discussed by Director Peters in her testimony before Congress on September 13th, 2023 reveal that she has directed her staff to use the projected release date process to calculate FSA time credits. However, the BOP staff at Lewisburg Camp continuously violate public law and the code of federal regulations, 28 C.F.R. 523.20(c) by refusing to calculate and award petitioner his Entitled FSA and Second Chance Act benefits.

## IV. Credit Benefits Providing For Early Release Establishes Legitimate Claim of Entitlement For Citizen Prisoners of the United States.

5. It is settled by federal case law and continuous affirmations by all federal courts, that petitioner has a legitimate claim of entitlement in GCT, FSA and SCA time credit days benefits where, as herein, all the acts exist as independent sources mandating benefits be conveyed pursuant petitioner's judicial sentence, not respondents discretion nor deference. And mandates these benefits be applied for release of petitioner from prison incarceration, i.e., time credits

2

shall be applied toward time in pre-release custody or supervised release. See 18 U.S.C. 3632(d)(4)(C).

6. Accordingly, petitioner has both a Liberty Interest and a Property Interest in awarded time credit benefits that are protected by due process and equal protection of 14th Amendment and 5th Amendment.

### V. Petitioner's federal entitlement to his credit benefits is his Projected Release Date Process.

7. The federal entitlement process is a settled proposition to a controversy that needs no support. There is no entitlement in enforcement and guaranteeing the bureau of prisons will apply the laws of Congress correctly or accurately. Instead, due process procedural protection that is federal entitlement, is a fair process that exists already not to the results of the process used nor whether the process provided sufficient protections in a particular case. Herein, the bureau of prison, since the inception of major time credit days benefit, has a mandatory application provided by Congress beginning October 12 1984, P. L. 98–473, title II chapter 2, more than 40 years ago, is the projected release date process

8. Petitioner claims a Liberty Interest in the following Federal Entitlements of Second Chance Act, First Step Act and Good Time Credit Act as it directly affects the increased time of service in BOP custody. Inasmuch as petitioner request the court to accept his calculations for his Release Plans and DISCHARGE prisoner as follows:
   a. 4/02/2024 - start date of prison sentence, of which, FSA time credits began

   b. 12/13/2025 - Projected Release Date
      based on applying Good Time Credit 18.   U.S.C. 3624(b)(1)

   c. 12/13/2024 - is the new projected release date base on application of First Step Act Time Credits towards early supervised release under 18 U.S.C. 3632 (d)(4)(c) The Director "Shall" transfer eligible prisoners to early supervised release or early pre-release custody up to 12 months

   d. 9/13/2024 is revised Projected Release Date based on Home Confinement Authority subsection of the Second Chance Act 18 U.S.C. 3624(C)(2) the Director of the BOP "Shall" to the extent practicable place prisoner the shorter of 10% or 6 months in HOME CONFINEMENT. Petitioner's case manager recommended 90 days of pre- release, although statute grants up to 12 months.

   e. 8/25/2024 the date of this petition or soon after, prisoner is eligible for immediate release under The Second Chance Reauthorization Act of 2018, see 18 U.S.C. 3624(c)(6)(C) which shall ensure that placement in a community correctional facility by Bureau of Prisons is of sufficient duration to provide greatest likelihood of success to reintegration into the community

3

f. 18 U.S.C.3624(c)(1) Pre Release Custody. In General.- The Director of the Bureau of Prisons "Shall" to extent practicable, ensure that a prisoner spends a portion of the final months of that term, not to exceed 12 months

g. All of the aforementioned federal Entitlements and Benefits exist independently and simultaneously and consecutively, a term the Director of BOP calls "Stacking".

## VI. AFFIDAVIT IN SUPPORT OF WRIT

9. Inmates for the first time were given the responsibility to complete their own release plans based on the [Unit Management and Inmate Program Review, BOP program statement 5321.09 dated April 8 2024, ]I took advantage of this opportunity and submitted my pre-release plan to my unit case manager, Mr. Rich, I didn't have my first assessment at the mandatory 28 days of being confined at Lewisburg Camp institution, but considerable time after. And it was not with the team members that are supposed to be made up of the unit manager, case manager and correctional counselor as Mandated;it was only my case manager and me at the meeting and the meeting lasted about two minutes. I was expecting something more meaningful from this meeting. My case manager simply told me, " All you have to do is wake up and stay out of trouble and you will receive your FSA credits. Under the First Step Act, inmates are Entitled to 12 months of the FSA time credits to put towards early release. The Second Chance Act also mandates all inmate to receive upto 12 months of RRC or Home Confinement see 18 U.S.C.3624(c)(1)

10. To further any additional administrative remedy is futile as my time in the BOP has increased and it will take months to resolve, while each additional day at Lewisburg Camp, petitioner will loose his Entitled credits to benefits of discharge.

11. The following exchange is taken from a House Judiciary committee September 13th, 2023. Chairman, Senator Whitehouse:[Speaker] "You have moved from manually calculating those credits, what was kind of a mess to an automatic system ," how's that going". ANSWER: Director Peters: "Thank you Senator [Chairman Whitehouse]. So it didn't roll out as smooth as we thought. We had some technical glitches as we rolled it out. We also intend to FRONT-LOAD the earned time credits, so that those in our custody understand that if they continue to engage in programing and treatment kind of what the carrot out there is for them". "And we found recently that we are having technical difficulties with FRONT-LOADING of earned time credits as well.. So it has gotten better. It's not smooth and it's not perfect yet:But we'll get there."

12. The following exchange is taken from a House Judiciary subcommittee July 23rd, 2024. The question was asked, "will the BOP "STACK" Second Chance Home Confinement with FSA Pre release custody credits? Speaker: Jeremy Cooper, representing the BOP responds, "In short, yes. We can stack them…right. So you have your second chance act Home Confinement eligibility date. That's either 6 months or 10% of your sentence, whichever is shorter, right. So we would take that and then add your FTC towards it, and you can go to that entire portion to home confinement.

4

13. Now prisoners qualify for months and years. - Colette Peters, Director of BOP, testifies in front of subcommittee House Judiciary Committee July 23, 2024.

14. Chairman from Alabama testifies he receives calls from prisoners who are not receiving the FSA time credits...." Why are we keeping prisoners in the dark on this"?

15. The following: Taken from Senate Judiciary Committee with Michael Horowitz February 28, 2024.

Senator Kennedy chastised Director Peters for not knowing the statistics for not knowing how many prisoners were released on First Step Act.

16. Senator Durban [Speaker] "We were told this would save money and it would be in the interest of the Public Safety to release prisoners from prison".

17. 86 senators voted for the First Step Act.

## VII. Case(s) in Support of WRIT

18. Court ruled BOP having no beds is not a condition to Prerelease and BOP can not enforce this practice.

19. With the overturn of Chevron Deference, the Bureau of Prisons can no longer misconstrue plain language as it pertains to petitioner's Liberty and Property interests Entitlements and it Benefits

I attest that all the statements herein are true and accurate to the best of my knowledge. I AM aware that if any of the foregoing statements are willfully false, I am subject to punishment.

*Anthony Garvin, Pro Se*