IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY GARVIN, | : | Civil No. 3:24-cv-1496 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN JESSICA SAGE, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Anthony Garvin ("Garvin") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Garvin alleges that the Federal Bureau of Prisons ("BOP") failed to apply his good time credits and First Step Act ("FSA") credits, in violation of his constitutional rights. (*Id.*). For the reasons that follow, the Court will dismiss the habeas petition without prejudice based on Garvin's failure to exhaust the available administrative remedies.

I. **Background**

Garvin is serving a 24-month term of imprisonment imposed by the United States District Court for the District of New Jersey for his conviction of conspiracy to commit bank fraud and bank fraud. (Doc. 7-3). His current projected release date is November 23, 2025, via FSA release. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Garvin filed a total of eleven administrative remedies. (Doc. 7-4). Three of those administrative remedies—numbers 1203945-F1, 1203945-F2, and 1203945-F3—concern FSA credits. (*Id.*). On June 27, 2024, Garvin filed administrative remedy number 1203945-F1 at the institution level requesting that FSA credits be applied to his Residential Reentry Center ("RRC") date. (*Id.* at p. 3). The remedy was rejected because Garvin did not attempt to first resolve the issue informally or submit proof of his attempt to informally resolve the issue. (*Id.*). On August 2, 2024, Garvin filed administrative remedy number 1203945-F2 at the institution level again requesting that FSA credits be applied to his RRC date. (*Id.* at p. 5). The remedy was similarly rejected for lack of informal resolution or proof of his attempt to informally resolve the issue first. (*Id.*). Garvin was advised that he must submit the entire BP-8 and he was instructed to re-submit the administrative remedy within five days. (*Id.*). Garvin then submitted administrative remedy number 1203945-F3 on August 9, 2024, requesting that FSA credits be applied to his RRC date. (*Id.* at p. 7). The remedy was denied, and Garvin was again instructed that he must provide the entire BP-8 and re-submit the remedy. (*Id.* at p. 7). Garvin did not properly re-submit any of these administrative remedies. (*See id.*; *see also* Doc. 7-2, Declaration of Hugh Rich, BOP Case Manager ("Rich Decl."), p. 3 ¶ 5).

In his § 2241 petition, Garvin alleges that the BOP violated his rights by failing to apply his good time credits and FSA credits. (Doc. 1). For relief, he seeks immediate

release from custody. (*Id.* at p. 7). Respondent filed a response, asserting that the Court should dismiss the petition because Garvin did not exhaust his administrative remedies before proceeding to federal court and, alternatively, because the petition is without merit. (Doc. 7). The record clearly establishes that Garvin failed to exhaust his administrative remedies; therefore, the Court does not reach Respondent's alternative arguments.

## II. **Discussion**

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and

unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that, although Garvin filed three administrative remedies concerning FSA credits—numbers 1203945-F1, 1203945-F2, and 1203945-F3—he undisputably failed to properly exhaust those remedies. (*See* Doc. 7-4). Garvin's

4

Administrative Remedy Generalized Retrieval report demonstrates that he filed all three remedies at the institution level and never pursued any of these remedies to the Regional or Central Offices—the necessary steps to fully exhaust his administrative remedies. (*Id.*). Garvin was advised that he may re-file the remedies with the proper documentation reflecting his attempt to first resolve the issue informally. (*Id.*). Rather than comply with this directive, Garvin bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Garvin concedes his failure to exhaust but argues that exhaustion should be excused as futile and "the administrative remedy process is extensive." (Doc. 1, p. 6 (stating that exhaustion would be "[f]utile: there is no exhaustion remedy when there is an increase in prisoners time in [c]ustody")). In other words, Garvin argues that he should not have to exhaust his administrative remedies because the administrative remedy process could take time to complete, and he should be released before the process is completed. The Court, however, is unpersuaded by Garvin's argument, as it does not provide a basis to excuse exhaustion. *See, e.g., Greene v. Spaulding*, No. 22-cv-01726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); *Rodriguez v. Sage*, No. 22-cv-02053, 2023 WL 2309781,

at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); *Ramirez v. Sage*, No. 22-cv-00638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)). Additionally, the Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

The Court finds that Garvin's claim must first be presented to BOP officials and fully exhausted. Because Garvin did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

### III. Conclusion

Based on the foregoing, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

*[signature]*
Robert D. Mariani
United States District Judge

Dated: October 9, 2024